**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00079-DOC-DFM                                  Date:  September 11, 2024

Title: WESTWAYS STAFFING SERVICES, INC. ET AL. V. ALEJANDRO MAYORKAS

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF JURISDICTION**

Plaintiffs Westways Staffing Services, Inc. and Kelechi J. Okwaraji (collectively "Plaintiffs") bring this action against defendants U.S. Department of Homeland Security ("DHS") Secretary Alejandro Mayorkas. Plaintiffs challenge USCIS's denial of Mr. Okwaraji's application for adjustment of status. *See* Dkt. 31. He contends that the agency's denial of his application violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2). *Id.* Defendants argue in response that the Court must dismiss the action for lack of subject matter jurisdiction. *See* Dkts. 32, 34. Mr. Okwaraji opposes. *See* Dkt. 33. The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. The Court hereby DISMISSES Plaintiff's Complaint for lack of jurisdiction.

**I.      Background**

Plaintiffs filed a First Amended Complaint ("FAC") on June 26, 2023. Dkt. 23.  In the FAC, Plaintiffs alleged the claims now at issue, namely that USCIS's decision to deny Okwaraji's I-485 adjustment of status application was arbitrary and capricious. Defendant answered Plaintiffs' Complaint on July 21, 2023, asserting defenses that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-CV-00079-DOC-DFM                     Date: September 11, 2024

Page 2

Plaintiffs had failed to state a claim and that the Court lacks subject matter jurisdiction to review the present case. Dkt. 25. The parties submitted briefs based on the administrative record, in which Defendant again asserted the Court lacked subject matter jurisdiction to review the present case. Dkts. 31-34.

## II.     Legal Standard

A Rule 12(b)(1) motion to dismiss challenges a federal court's jurisdiction over the subject matter of the plaintiff's complaint. A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings (a "facial attack") or by presenting extrinsic evidence (a "factual attack"). *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). The Court construes defendants' brief as raising a facial attack on jurisdiction.

"In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a facial attack on jurisdiction, the record is limited to the complaint and materials that may be judicially noticed. *See Hyatt v. Yee*, 871 F.3d 1067, 1071 n.15 (9th Cir. 2017). Additionally, the Court accepts the well-pled allegations of the complaint as true, draws all reasonable inferences in plaintiff's favor, and determines whether the allegations are sufficient to support jurisdiction. *Id.*

As the party asserting federal subject matter jurisdiction, Mr. Okawaraji bears the burden of establishing its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## III.    Discussion

Defendant argues that the Court lacks subject matter jurisdiction to review USCIS's denial of his application to adjust status because such review is specifically barred by the jurisdiction-stripping provisions of the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(2)(B). Dkt. No. 32 at 9-13.

The APA allows for judicial review of agency action "except to the extent ... that statutes preclude judicial review [or when] agency action is committed to agency discretion by law." 5 U.S.C. §§ 701(a)(1)-(2); *see also Perez Perez v. Wolf*, 943 F.3d 853

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:23-CV-00079-DOC-DFM | Date: September 11, 2024 |

Page 3

(9th Cir. 2019). Here, 8 U.S.C. § 1252(a)(2)(B) precludes judicial review. That statute provides, in relevant part:

>Notwithstanding any other provision of law (statutory or nonstatutory), ... and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
>(i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>
>(ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B).

Section 1252(a)(2)(B)(i) "prohibits review of *any* judgment *regarding* the granting of relief under § 1255." *Patel v. Garland*, 596 U.S. 328, 338 (2022) (emphasis in original). That prohibition extends to factual findings, *id.* at 339, and applies "regardless of whether the judgment [or] decision ... is made in removal proceedings," 8 U.S.C. § 1252(a)(2)(B). Separately, § 1252(a)(2)(B)(ii) prohibits judicial review of "any other decision or action of ... the Secretary of Homeland Security the authority for which is specified under this subchapter to be in [his] discretion." *See Kucana v. Holder*, 558 U.S. 233, 247 (2010).

Mr. Okwaraji made his application for adjustment of status pursuant to 8 U.S.C. § 1255. Judicial review of USCIS's final decision denying his application is precluded under both subsections of § 1252(a)(2)(B). First, § 1255 is among the statutory provisions specifically encompassed by § 1252(a)(2)(B)(i), and USCIS's decision is a "judgment regarding the granting of relief" under § 1255. *See Patel*, 596 U.S. at 338-39 (construing statutory text). Second, the decision to grant adjustment of status pursuant to § 1255 is, by statute, committed to the discretion of immigration authorities. *See* 8 U.S.C. § 1255(a) ("The status of an alien ... may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence."); *see also Kucana*, 558 U.S. at 247-48 ("Section 1255 is included in the list of determinations the Supreme Court agrees are 'substantive decisions ... made

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-CV-00079-DOC-DFM                                              Date: September 11, 2024

                                                                                                            Page 4

by the Executive in the immigration context as a matter of grace' and are thus discretionary determinations."); *Hassan v. Chertoff*, 593 F.3d 785, 788-89 (9th Cir. 2010) (stating the same).

      Mr. Okawaraji contends that § 1252(a)(2)(B)'s jurisdiction-stripping provisions apply only to removal proceedings. Dkt. 33 at 2. This argument fails. Mr. Okawaraji's reading of the statute ignores the "regardless" clause of § 1252(a)(2)(B), and his request for review does not fall within the statutory exception permitting "review of constitutional claims or questions of law raised upon a petition for review [of an order of removal] filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D); *see also id.* § 1252(b) (requirements for petitions for review of orders of removal); *Patel*, 596 U.S. at 345-46, 362-63 (Gorsuch, J. dissenting) (both majority and dissent suggesting that § 1252(a)(2)(B)'s jurisdiction-stripping provisions are not limited to removal proceedings). As another district court recently remarked, "[e]very Court of Appeals that has considered the issue has concluded that judicial review of adjustment of status determinations made by USCIS outside of the removal context is barred." *Akinmulero v. Dep't of Homeland Sec.*, No. 20-cv-1135-RSL, 2023 WL 3058014, at *1 (W.D. Wash. Apr. 24, 2023). The Ninth Circuit has "assumed without discussion on at least four occasions that the jurisdiction-stripping provision of subparagraph (B) applies outside of the removal context." *Akinmulero*, 2023 WL 3058014, at *1 (citing cases).

      Mr. Okwaraji argues that the Court has jurisdiction under the APA to review errors of law in the denial of his application. Dkt. 31, 33. The Court does not have this authority. As noted above, the APA allows for judicial review of agency action except when "statutes preclude judicial review." 5 U.S.C. § 701(a)(1). Here, judicial review is precluded by § 1252(a)(2)(B), and thus the Court lacks jurisdiction to review the denial of Mr. Okwaraji's adjustment of status application under the APA. *See Abuzeid*, 62 F.4th at 583 ("Consideration of appellants' APA claim is foreclosed by a straightforward application of § 1252(a)(2)(B)(i)[.]"); *Britkovyy*, 60 F.4th at 1028 ("[Section] 1252(a)(2)(B)(i) is an immigration-specific jurisdictional limitation that trumps the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-CV-00079-DOC-DFM                     Date: September 11, 2024

Page 5

APA's general grant of judicial review and deprives the federal courts of jurisdiction over this case.").

In view of the clear language of the statute, and the great weight of authority, the Court concludes that it lacks subject matter jurisdiction to review USCIS's denial of Mr. Okwaraji's application for adjustment of status.

Mr. Okwaraji argues that even if the Court lacks subject matter jurisdiction by operation of § 1252(a)(2)(B), the Court nevertheless has jurisdiction to decide his due process claim. Dkt. No. 25 at 18-20. The Court disagrees. To the extent that Mr. Kerur raises a colorable constitutional claim, judicial review of constitutional claims must be "raised upon a petition for review [of an order of removal] filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D); *Patel*, 596 U.S. at 345 ("[S]ubparagraph (D) preserves review of legal and constitutional questions only when raised in a petition for review of a final order of removal."); *see also Herrera v. Garland*, No. 21-17052, 2022 WL 17101156, at *1 (9th Cir. Nov. 22, 2022) (district court lacked jurisdiction to hear plaintiff's due process claim under § 1252(a)(2)(D)).

## IV. Disposition

For the foregoing reasons, Plaintiff's complaint is dismissed.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                               Initials of Deputy Clerk: kdu

CIVIL-GEN